UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Richard Kosman Katsigianis, | ) | CASE NO. 4:25 CV 664 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Mahoning Cty. Municipal Corp., et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Richard Katsigianis filed this action against ten defendants on April 3, 2025. A substantially similar complaint was previously dismissed by another Judge of this Court on February 13, 2025.  *See* Case No. 4:24CV2126, Doc. 3. Plaintiff has moved to proceed *in forma pauperis* in this matter as well.  For the reasons stated below, the complaint is DISMISSED, and the motion to proceed without payment of fees is DENIED AS MOOT.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).  Additionally, federal courts are courts

of limited jurisdiction and must police the boundaries of their jurisdiction.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See* Fed. R. Civ. P. 12(h)(3).  A complaint subject to dismissal for lack of subject-matter jurisdiction when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In this complaint, Plaintiff alleges as follows:

This action arises from ongoing constitutional violations by Defendants, distinct from and subsequent to Case No. 4:24-cv-02176-BYP, dismissed pursuant to 28 U.S.C. § 1915(e) on March 28, 2025, without specification of prejudice, before the Mahoning County Juvenile Court closed Case No. 2018 JH 01115 JUV in December 2024-an update unknown to the federal court at dismissal. New harms-including state case closure, ongoing harassment by Melissa Burdick, court-ordered psychological counseling for Nikos Katsigianis, and refusal to prove jurisdiction in March 2024-necessitate federal relief beyond the prior filing's scope.

Doc. 1 at 7.  While making this allegation that the harms in this complaint are new and distinct, Plaintiff's factual allegations refute such a claim.

Like his initial complaint, Plaintiff's complaint in this matter alleges harms that he believes were caused by actions of the Mahoning County Juvenile Court and others involved in a custody/visitation proceeding involving his minor son.  For example, he claims that the state court "violated prior rulings, court procedures, and [his] due process rights."  Doc. 1 at 8.  To the extent that Plaintiff makes any coherent factual allegations that support any type of cognizable claim, his allegations constitute an appeal of the state court proceeding.  Accordingly, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited

2

appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (alteration in original and citations omitted). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. This Court therefore lacks jurisdiction to consider Plaintiff's complaint because Plaintiff is seeking to be relieved of the consequences of the state court proceedings.

For the reasons stated above, the complaint is dismissed.  The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


Date: June 5, 2025                              */s/ John R. Adams*_____
                                               JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE